**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RODNEY GREENE, | : | **HON. RENÉE MARIE BUMB** |
| Petitioner, | : | Civil Action No. 12-6507 (RMB) |
| v. | : |  |
| J.T. SHARTLE, | : | <u>OPINION</u> |
| Respondents. | : |  |

**APPEARANCES:**

    RODNEY GREENE, #40074-066, Petitioner Pro Se
    FCI FAIRTON
    P.O. Box 420
    Fort Dix, New Jersey  08320

**BUMB**, District Judge:

    Rodney Greene, an inmate currently confined at FCI Fairton in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the calculation of his projected release date of September 17, 2013.  For the reasons explained in this Opinion, this Court will dismiss the Petition.

**I.   BACKGROUND**

    This is Greene's second § 2241 Petition challenging the calculation of his projected release date.  See <u>Greene v. Shartle</u>, Civ. 11-4752 (RMB) (D.N.J. filed Aug. 18, 2011) ("*Greene I*").  In *Greene I*, he argued that the BOP violated the terms of the sentence imposed by Judge Sanchez on November 16, 2009, in <u>United States v. Greene</u>, Crim. No. 07-0120 (JS) (E.D. Pa. filed

Mar. 8, 2007), by failing to run his 99-month sentence retroactively concurrent to his Pennsylvania sentence of 11.5 to 23 months imposed on April 9, 2007.  See Ruggiano v. Reish, 307 F.3d 121 (3d Cir. 2002); 18 U.S.C. § 3584; U.S.S.G. § 5G1.3.  Specifically, he challenged the BOP's failure to deduct the time he served in the custody of Pennsylvania after his November 3, 2005, arrest from the time he had to serve in the custody of the BOP.  In response to this Court's Order to answer, the BOP recalculated Greene's projected release date by reducing his 99-month sentence by 302 days served against the Pennsylvania sentence.  Greene filed two replies arguing that the BOP had improperly failed to credit him for an additional 19 days he served in the custody of Pennsylvania, i.e., November 8, 2005, through November 11, 2005, January 30, 2006, through January 31, 2006, April 24, 2006, May 8, 2006, and April 10, 2007, through April 20, 2007.

On December 21, 2011, this Court dismissed the petition in *Greene I* as moot, even though Greene maintained that he served 321 days, rather than 302 days, in the custody of Pennsylvania.  This Court ruled that, when the BOP recalculated Greene's release date to be September 17, 2013, the BOP gave him all the relief this Court could have ordered if it had granted a Writ.  This Court noted in a footnote that, in his second reply, for the first time Greene complained that the BOP had improperly reduced

2

his potential good conduct time by 39 days.  This Court stated that nothing in the dismissal opinion prevented Greene from filing a new administrative remedy challenging the new projected release date of September 17, 2013.

Greene then filed a motion for reconsideration of the Order dismissing his petition in *Greene I*, arguing that the deduction of 302 days from his incorrect projected release date of June 07, 2014, resulted in a projected release date of August 09, 2013. This Court granted reconsideration, reviewed the BOP's calculation of Greene's new projected release date of September 17, 2013, and after reconsideration again dismissed the petition. This Court noted that Greene's calculation of his new projected release date was not correct, since Greene did not consider that by reducing the actual time Greene would serve in the BOP's custody by 302 days, 18 U.S.C. § 3624(b) required the BOP to reduce by 39 days the maximum projected good conduct time Green could earn through good behavior.  See Barber v. Thomas, 130 S.Ct. 2499 (2010).

In the present petition ("*Greene II*"), Greene maintains that the BOP "refused to follow the 'intent'" of the sentencing court, 18 U.S.C. § 3624(b), and U.S.S.G. § 4A1.2, Commentary Application Note 2, by "continu[ing] to maintain an inaccurate sentence computation sheet, without subtracting applicable sentence credit and good conduct time."  (Dkt. 1 at 7-8.)  In his memorandum of

law, Greene argues that, "in accordance with USSG § 4A1.2 Commentary Application Note 2, the maximum sentence pronounced at PSR ¶ 82 was 23 months, and qualifies under 18 USC § 3624(b) to receive credit toward service, beyond the time served, of up to 54 days." (Dkt. 1 at 13.) Green continues: "[S]ince Petitioner was serving a 23 month term of imprisonment on 'related' 'relevant conduct' Philadelphia County case at PSR ¶ 82, the BOP is required by statute 18 USC § 3624(b) to credit the sentence with the earned 54 days GCT." Id. at 14. Greene contends that June 16, 2013, rather than September 17, 2013, is the correct projected release date.

Greene attached his Central Office Administrative Remedy Appeal dated July 13, 2012, and the final decision denying the appeal dated September 11, 201[2], to the Petition.[1] In Greene's appeal, he cites the sentencing court's order and the United States Sentencing Guidelines, and argues that the "BOP arrive[d] at an incorrect Projected Release Date of 9/17/2013. Subtracting 302 days from the initial incorrect Release Date of 6/7/2014, would arrive at an August 09, 2013 Release Date." (Dkt. 1 at 20.)

---

[1] The decision contains a handwritten date of September 11, 2011, but since this Court's Opinion in *Greene I* was entered on December 21, 2011, and Greene's appeal to the Central Office is dated July 13, 2012, this Court presumes the correct date of the final decision to be September 11, 2012.

In the final decision rejecting the appeal, Harrell Watts found:

> This is in response to your Central Office Administrative Remedy Appeal wherein you contend you are entitled to an additional 39-day adjustment to your federal sentence based on USSG 5G1.3 which you claim the Bureau of Prisons (Bureau) has miscalculated. In addition, you allege your Good Conduct Time (GCT) should be based on the sentence imposed, not the time actually served.
>
> You provide no new information in this matter beyond that which you supplied at the Institution and Regional Office levels. A review of your record reveals on November 16, 2009, you were sentenced . . . to a 99-month term of confinement . . . . At sentencing, the Court indicated that they would issue an order that you receive credit for 11 ½ to 23 months or 302 days spent in state custody by way of an adjustment pursuant to USSG § 5G1.3.
>
> The Bureau determined an adjustment from 99 months to 7 years, 5 months, and 4 days would accomplish this by subtracting 302 days from your current effective full term date after a 99 month sentence. The new term in effect was then decided by calculating the days from the date your sentence was imposed until the new full term date, after subtracting the time spent in state custody (302 days). The original prior custody credit total of 961 days was then subtracted from that, resulting in an effective full term date of September 1, 2014. In addition, this resulted in a projected satisfaction date of September 17, 2013, after good conduct time deductions.
>
> Title 18, USC § 3624(b) [governs] Good Conduct Time . . . . In a recent Supreme Court decision, Barber, et al. v. Thomas, et al., the Bureau's interpretation of the application of GCT under this statute was upheld.
>
> We find your federal sentence has been computed in accordance with federal statute, Bureau of Prisons policy, and within the intent of the Court.

(Dkt. 1 at 18-19.)

## II. STANDARD OF REVIEW

Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and to dismiss the petition if the petitioner is not entitled to relief.  See 28 U.S.C. § 2254 Rule 4.  See 28 U.S.C. § 2254 Rule 4.

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985).  Dismissal without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief."  Id.

The Administrative Procedure Act ("APA"), see 5 U.S.C. § 706(2)(a); Lopez v. Davis, 531 U.S. 230, 240 (2001); Edwards v. United States, 41 F.3d 154, 156 (3d Cir. 1994), requires a reviewing court to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  A reviewing court must find that the actual choice made by the agency was neither arbitrary nor capricious.  See C.K. v. N.J. Dep't of Health & Human Services, 92 F.3d 171, 182 (3d Cir. 1996).  "[T]he agency must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection

between the facts found and the choice made." <u>Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mutual Auto. Ins.</u>, 463 U.S. 29, 43 (1983) (citation and internal quotation marks omitted); <u>accord</u> <u>Bowman Transp., Inc. v. Arkansas-Best Freight System</u>, 419 U.S. 281, 285 (1974).

To make the finding that agency action was not arbitrary or capricious, a court must review the administrative record that was before the agency at the time of the decision, and "must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment. . . . Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one.  The Court is not empowered to substitute its judgment for that of the agency." <u>Overton Park</u>, 401 U.S. at 416.

## II.  DISCUSSION

<u>A. Jurisdiction</u>

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties

of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Greene challenges the calculation of his projected release date by the BOP under federal law, and he was incarcerated in New Jersey at the time he filed the Petition. See Burkey v. Marberry, 556 F.3d 142, 145 (3d Cir. 2009); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242-44 (3d Cir. 2005).

B.  Analysis

To the extent that Greene argues that the BOP failed to comply with the sentence imposed by Judge Sanchez, the claim fails. When this Court dismissed the petition in *Greene I* as moot, this Court ruled that by recalculating Greene's release date by reducing his sentence to give him additional credit for the 302 documented days spent in Pennsylvania custody pursuant to the intention of Judge Sanchez, the BOP gave Greene all the relief this Court could have ordered if it had granted a writ of habeas corpus. This Court rejects Greene's contention that the BOP failed to comply with the sentence of Judge Sanchez.

This Court also rejects Greene's argument that the BOP failed to properly credit him with all the good conduct time to which he is statutorily entitled. As this Court explained in its Opinion on Greene's motion for reconsideration in *Greene I*, the BOP correctly calculated Greene's good conduct time based on the

time he actually served in federal custody.  See Barber v. Thomas, 130 S.Ct. 2499 (2010).

Section 3624(b)(1) provides:  "[A] prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term . . . .  [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence."  18 U.S.C. § 3624(b)(1).

In Barber, the Supreme Court held that the BOP's method of calculating good conduct time credit based on the length of time that the prisoner actually serves in the custody of the BOP, rather than upon the length of the term of imprisonment that the sentencing judge imposed, was lawful.  "[T]he BOP's interpretation [of § 3624(b)] provides a prisoner entitled to a maximum annual credit with 54 days of good time credit for each full year of imprisonment that he serves and a proportionally adjusted amount of credit for any additional time served that is less than a full year.  And, as § 3624(b) directs, the BOP awards the credit *at the end of* each year of imprisonment (except, of course for [the final year], which is subject to the statute's special instruction requiring proration and crediting during the

9

last six weeks of the sentence)." Id. at 2504 (emphasis in original).

In the appendix of Barber, the Supreme Court provided

> the mathematical formula . . . to calculate the amount of maximum available [good conduct] credit for an entire sentence . . . . [I]f we divide the total number of days in a sentence by 1.148, we get the minimum number of days that a defendant must serve in that sentence. If we then subtract the number of days served from the total number of days in the sentence, we arrive at the maximum number of good time credit days the prisoner can earn.

Barber, 130 S.Ct. at 2511.

This Court will now use the above mathematical formula to compute Greene's good conduct time. Originally, the BOP calculated the release date by taking the sentence of 99 months or 3,011 days, subtracting 961 days of prior custody credit, to arrive at 2,050 days to be served. Using the mathematical formula set forth above results in the calculation: 2050 days divided by 1.148 equals 1,786 days; subtracting 1,786 days from the original 2,050 days results in total projected good conduct time of 264 days. When the BOP recalculated Greene's sentence, the BOP took the sentence of 99 months or 3,011 days, subtracted 961 days of prior custody credit, and then also subtracted 302 days served in the custody of Pennsylvania, to arrive at 1,748 days remaining to be served. Dividing 1,748 days by 1.148 equals

1,523 days, and subtracting 1,523 days from 1,748 days results in 225 days of projected good conduct time.

Thus, reducing the time Greene actually served in the BOP's custody by 302 days resulted in a reduction of his maximum projected good conduct time from 264 days to 225 days, which is a 39-day difference. When one adds this 39 days (good conduct time not earned on 302 days) to the date of August 9, 2013, which date Greene calculated as his new projected release date in his appeal to the Central Office (and his motion for reconsideration in *Greene I*), the result is a new projected release date of September 17, 2013, which is the projected release date calculated by the BOP and determined to be correct by Watts.

Based on the foregoing, this Court finds that the BOP's final decision calculating a September 17, 2013, release date did not violate the Constitution, laws or treaties of the United States, and was not an abuse of discretion. This Court will dismiss the § 2241 Petition.

### III. CONCLUSION

For the reasons set forth above, the Court dismisses the Petition.

s/Renée Marie Bumb<br>
**RENÉE MARIE BUMB**<br>
United States District Judge

DATE: January 30, 2013

11